MACK STADLER & CO. v. TALLEY BROS. AND W. H.
PECKHAM.

(No. 5934.)

APPEAL from Throckmorton County. Opinion by
WHITE, P. J.

L. W. CAMPBELL and A. H. CARRIGAN, counsel for appellants.

PECKHAM & ANDREWS, counsel for appellees.

§ 472. *Party who assumes to pay debt of another becomes liable to creditor, when; case stated.* Talley Bros.
were indebted to appellants in the sum of $923.79 and
interest. Peckham purchased the assets of Talley Bros.,
and agreed and assumed all the debts owing by said Talley Bros. Appellants brought this suit to recover the
amount due them by Talley Bros. Peckham, in his answer, admitted that he had assumed to pay the debts
owing by Talley Bros., but denied his liability to pay the
debt due appellants, upon the grounds that no demand
had been made of him before the institution of the suit,
and because appellants had not assented to his assumption of said debt, and accepted him as their debtor, and
discharged Talley Bros. Appellants dismissed their suit
as to Talley Bros., and proceeded against Peckham alone.
The trial judge, in his charge to the jury, made the right
of appellants to recover against Peckham depend upon
their having accepted him as their debtor in lieu of Talley Bros., and of their notification to him that they had
so accepted him. There was a verdict and judgment for
Peckham. *Held*: The verdict and judgment are erroneous. When A. promises B. to pay B.'s debt so far as
the consideration would go, the creditor of B. may maintain an action on such promise. One for whose use and
benefit a promise is made, if upon sufficient consideration, may maintain an action upon it. [Beers v. Robinson, 9 Pa. St. 229.] If A. is indebted to B. and puts
money in the hands of C. to pay B., the latter may sue

C. for money had and received for his use. [Draugh v. Bunting, 9 Iredell (N. C.), 10.] It is undoubtedly true, as a general proposition, that no action can be maintained upon a contract except by some person who is a party to it. But this rule of law, like most others, has its exceptions; as, for instance, where money has been paid by one party to a second for the benefit of a third, in which case the latter may maintain an action against the second for the money. So, too, where a party for a valuable consideration stipulates with another by simple contract to pay money or do some other act for the benefit of a third person, the latter, for whose benefit the promise is made, if there be no other objection to his recovery than a want of privity between the parties, may maintain an action for a breach of such agreement. This principle of law is well established. [Bohannan v. Pope, 42 Maine, 93; Brewer v. Dyer, 7 Cush. 337.] A verbal promise to pay the debt of 'a third person will support an action by plaintiff against the defendant, although the former was not a party to the agreement, and it was made without his knowledge. [Barker v. Bradley, 43 N. Y.] The general current of American authority is to follow the old English rule, that, when one person makes a promise to another for the benefit of a third, the latter may maintain an action upon such promise, although the consideration does not move from him. [1 Wait's Act. & Def. 103.]

May 29, 1889.			Reversed and rendered.